UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                                       CR. NO. 21-10183-WGY

SAMOEUN KEM

MOTION TO VACATE DETENTION ORDER AND SET CONDITIONS OF RELEASE

Samoeun Kem, by his attorney, appeals the Magistrate Judge's order of detention entered July 6, 2021 and moves that this Court set conditions of pre-trial release.

The Magistrate Judge found that the government did not meet its burden on risk of flight but rather detained Mr. Kem on determination that there were no conditions to reasonably assure the safety of any person or the community. This finding was made against the case specific allegations that Mr. Kem was ensnared along with defendants Prum, Pin and Sam, in a government controlled sting operation in which government agents posed as criminals seeking to hire a crew to guard currency. While the government alleges that the defendants were armed, there is no direct evidence that any defendant possessed or displayed a weapon during the video and audio recorded conversations.[1]

The allegations against Mr. Kem are contained in an indictment naming 15 defendants as part of a conspiracy to distribute cocaine, and commit money laundering. Mr. Kem is defendant number 14 on the roster, charged only in count four with the money laundering conspiracy. Defendants Prum, Pin and Sam are named co-defendants in count four and have each been released on conditions. On information and belief all but one of the defendants charged in the drug conspiracy have been released on conditions.

---

[1] The Magistrate Judge noted there was evidence a loaded gun was found in Mr. Kem's residence during its search following his arrest.

Mr. Kem, now 36 years old, was born in Massachusetts and resided for most of his life with his parents and for the past fifteen years at his parents' home together with three of his siblings. Another sibling, Sopharith Kem died from COVID in April, 2021. Mr. Kem's father was diagnosed with colon cancer in March, 2021, operated on in April, 2021 and continues to receive chemotherapy.

While detained at Wyatt Detention Facility Mr. Kem has worked the 4 a.m. to Noon shift in the kitchen. He has received no disciplinary reports. He contracted COVID in December, 2021 and is fully recovered.

Review of Mr. Kem's criminal history reveals no serious criminal conduct since 2006 when he was 20 years old. While this was noted by the Magistrate Judge, she leaned heavily on his prior criminal history to support detention, minimizing the reality of recent understanding about adolescent brain development and that youthful impulsive behavior tends to disappear with maturity.[2]

That said, Mr. Kem proposes conditions which clearly tip the scale in favor of release:

1. Home confinement at his family home, the address provided to the probation office, with exceptions for medical appointments and attorney conferences upon prior notice to the probation office.

2. Electronic monitor.

3. Home confinement with exception to seek employment and if employment secured exception for work hours with prior notice to the probation office.

4. Mr. Kem's sister, Sophary Kem, age 37, to serve as third party custodian. Ms. Kem resides at the family home, is employed and has no prior criminal history.

---

[2] The Magistrate Judge noted no criminal charges since 2010; however, a more accurate reading of criminal history shows the last conviction for an offense in July, 2006.

5. If required, Mr. Kem's parents are prepared to post the equity value in the family home as security for his release. On information and belief, the equity value is approximately $100,000.

Pursuant to 18 U.S.C. §3145(b) this Court has authority to review the order of Mr. Kem's detention and upon *de novo* review may vacate the order and set conditions of release. See e.g., *United States v. Tortora,* 922 F. 2d 880, 883 n. 4 (1st Cir. 1990).

As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id.* at 755. This presumption of release is encapsulated in the Bail Reform Act, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98 225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

Mr. Kem requests that this Court now set conditions of release which will reasonably assure the safety of any person and the community with conditions no more restrictive than proposed above.

                                      SAMOEUN KEM
                                      By his attorney,

                                      *Elliot M. Weinstein*

                                      Elliot M. Weinstein
                                      BBO #520400
                                      83 Atlantic Avenue
                                      Boston, MA  02110
                                      617-367-9334

CERTIFICATE OF SERVICE

I certify that a copy of this pleading has been served on all parties via ECF system.

*Elliot M. Weinstein*